UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
*INCARNATION SCHOOL,*
*ARCHDIOCESE OF NEW YORK and*
*BRIANA PECHIN*
58 South Service Rd., Ste. 410
Melville, New York 11747
(631) 247-0404
    ATTORNEYS OF RECORD:
        WENDY J. MELLK, ESQ.
        NOEL P. TRIPP, ESQ.

---

AGNES B. SORIANO,

            Plaintiff,

vs.

INCARNATION SCHOOL, ARCHDIOCESE OF NEW YORK, and PRINCIPAL, BRIANA PECHIN, THE FEDERATION OF CATHOLIC TEACHERS,

            Defendants.

Case No. 11-cv-3334

---

## DEFENDANTS INCARNATION SCHOOL, ARCHDIOCESE OF NEW YORK AND BRIANA PECHIN'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Incarnation School, Archdiocese of New York ("Diocese") and Principal, Briana Pechin ("Principal Pechin,"), collectively the "The Incarnation Defendants", hereby answer the Complaint ("Complaint") filed by Plaintiff Agnes B. Soriano, as follows:

### AS TO "COUNT ONE"

1.    Incarnation Defendants deny the allegations contained in Paragraph 1 of the Complaint.

## AS TO "JURISDICTION"

2. Incarnation Defendants admit that Plaintiff purports to proceed under the Statutes cited in Paragraph 2 of Plaintiff's Complaint, but deny that the Court can or should exercise jurisdiction in this matter. Incarnation Defendants further deny Plaintiff has stated a claim for which she is entitled to relief.

## AS TO "PARTIES"

3. Incarnation Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint.

4. Incarnation Defendants deny the allegations contained in Paragraph 4 of the Complaint, but aver that Incarnation School is located at 570 West 175th Street, New York, New York 10033.

5. Paragraph 5 calls for a legal conclusion to which no response is required. To the extent a response is required, Incarnation Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Diocese denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint. Principal Pechin and Incarnation School deny knowledge or information sufficient to form a belief as to what Plaintiff means by "at all times relevant", but aver that Principal Pechin was the Principal of Incarnation School, located at 570 West 175th Street, New York, New York at the time Plaintiff's employment with Incarnation School ended.

7. Incarnation Defendants deny knowledge or information sufficient to form a belief as to what Plaintiff means by "representing Catholic teachers", but aver that Defendant Federation of Catholic Teachers is a labor union of which Plaintiff was a member.

## AS TO "FACTS AND BACKGROUND"

8. Incarnation School and Principal Pechin deny knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's immigration status, age, current address and communications received by Plaintiff regarding her husband, and otherwise denies the allegations contained in paragraph 8, except aver that any written communication from Principal Pechin to Plaintiff speaks for itself. Diocese denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9. Principal Pechin and Incarnation deny the allegations contained in Paragraph 9. Diocese denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10. Incarnation Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

11. Incarnation Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. Incarnation School and Principal Pechin deny the allegations contained in Paragraph 12 of the Complaint. Diocese denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12, except denies any allegations of age discrimination.

13. Incarnation School and Principal Pechin deny the allegations contained in Paragraph 13 of the Complaint. Diocese denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14. Incarnation Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. Incarnation Defendants deny that Plaintiff was terminated on the basis of her age or any other protected characteristic, deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and aver that the document referenced in Paragraph 15 speaks for itself.

16. Incarnation School and Principal Pechin deny the allegations contained in Paragraph 16 of the Complaint. Diocese denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, except denies any implication of age discrimination or any other wrongdoing.

17. Incarnation Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and further deny that they engaged in any wrongful conduct with regard to Plaintiff.

## AS TO "FIRST CLAIM AGAINST INCARNATION SCHOOL, ARCHDIOCESE OF NEW YORK AND FEDERATION OF CATHOLIC TEACHERS"

18. Incarnation Defendants repeat, reiterate and reallege each and every allegation contained in Paragraphs 1 through 17 above, as if fully forth herein at length.

19. Incarnation Defendants deny the allegations contained in Paragraph 19 of the Complaint.

## AS TO "SECOND CLAIM AGAINST ALL DEFENDANTS FOR INTENTIONAL INFLICTION OF MENTAL DISTRESS"

20. Incarnation Defendants repeat, reiterate and reallege each and every allegation contained in Paragraphs 1 through 19 above, as if fully forth herein at length.

21. Incarnation Defendants deny the allegations contained in Paragraph 21 of the Complaint.

## AS TO "WHEREFORE"

Incarnation Defendants deny the allegations contained in Plaintiff's "Wherefore," including specifically sub-paragraphs (a) through (f).

## ADDITIONAL AVERMENTS

Incarnation Defendants deny all claims and allegations not unequivocally admitted herein.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Incarnation Defendants, Incarnation Defendants assert the following defenses:

## AFFIRMATIVE DEFENSES

### AS AND FOR FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded against Incarnation Defendants.

### AS AND FOR SECOND DEFENSE

To the extent that Plaintiff has failed or fails to make good faith and diligent efforts to mitigate any purported damages, any relief awarded should be reduced, in whole or in part.

### AS AND FOR THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, unclean hands, mistake, waiver and off-set.

### AS AND FOR FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, and to the extent Plaintiff failed to exhaust administrative remedies.

### AS AND FOR FIFTH DEFENSE

Each and every action taken by any Defendant was taken for legitimate non-discriminatory reasons and was based on legitimate non-discriminatory factors.

### AS AND FOR SIXTH DEFENSE

To the extent that Plaintiff is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Incarnation Defendants because, inter alia, Incarnation Defendants did not commit, ratify, authorize, acquiesce in any malicious, willful or reckless acts or omissions.

### AS AND FOR SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable principles including but not limited to the after-acquired evidence doctrine and the doctrine of unclean hands.

### AS AND FOR EIGHTH DEFENSE

Plaintiff's claims alleging discrimination are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, to the extent Plaintiff unreasonably failed to take advantage of Incarnation School's preventive or corrective opportunities to avoid harm otherwise.

### AS AND FOR NINTH DEFENSE

At all times relevant hereto, Incarnation Defendants acted in good faith and with good cause, and have not violated any rights which may be secured to Plaintiff under any federal, state or local law, rule, common law, ordinance, regulation or guideline.

### AS AND FOR TENTH DEFENSE

Defendant Diocese is not a proper party and was not Plaintiff's "employer" within the meaning of the Age Discrimination in Employment Act or any other law.

## AS AND FOR ELEVENTH DEFENSE

Defendant Principal Pechin is not a proper party to this lawsuit and was not Plaintiff's "employer" within the meaning of the Age Discrimination in Employment Act or any other law.

## AS AND FOR TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or part, because any qualification standard or selection criteria used by Incarnation Defendants was job related and consistent with business necessity.

## AS AND FOR THIRTEENTH DEFENSE

This Court lacks jurisdiction over Plaintiff's claims pursuant to the ministerial exception.

## AS AND FOR FOURTEENTH DEFENSE

To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges, *inter alia*, emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred, by the exclusive remedy provision set forth in the Worker's Compensation Law.

Incarnation Defendants reserve the right to plead additional defenses that may be ascertained during the course of this action or otherwise.

**WHEREFORE**, Incarnation Defendants pray that the Court:

    a.    dismiss the Complaint in its entirety, with prejudice;

    b.    deny each and every demand and prayer for relief contained in the Complaint;

    c.    award Incarnation Defendants reasonable attorneys' fees and costs; and

d.   grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
July 25, 2011

                    Respectfully submitted,
                    JACKSON LEWIS LLP
                    *ATTORNEYS FOR DEFENDANTS*
                    58 S. Service Road, Suite 410
                    Melville, New York 11747
                    Tel.: (631) 247-4661
                    Email: mellkw@jacksonlewis.com

By:   _/s/ Wendy J. Mellk_
       WENDY J. MELLK, ESQ.
       NOEL P. TRIPP, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2011, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Andrew J. Schatkin, Esq.
LAW OFFICES OF ANDREW J. SCHATKIN
*Attorneys For Plaintiffs*
350 Jericho Turnpike
Jericho, New York  11753
(212) 725-7272

Joseph M. Burke, Esq.
Russo & Burke
600 Third Avenue
New York, NY 10016
(212)-557-9600

_____
NOEL P. TRIPP, ESQ.

4811-0069-9658, v. 1